Gibson, J. (dissenting).
The complaining witness, testified that he had smoked marijuana on other occasions and that he knew this was marijuana because it was pale green, had a musty odor with sweet-smelling smoke and caused him to become dizzy and “ high ”.
The Appellate Division unanimously reversed on the grounds (1) that the complainant was a lay witness unqualified to conclude that the substance was actually marijuana, and (2) that even if it were permissible to allow the jury to hear his description of the substance, marijuana was not within the jury’s lay knowledge to identify from such description.
The court distinguished alcohol since ‘ ‘ jurors are familiar with the appearance, taste, smell and effect of alcohol, but jurors generally are not familiar with the various types and properties of narcotics and other dangerous drugs.”
I agree that jurors may not be assumed to possess the requisite knowledge to identify marijuana from a mere description of its physical properties. However, I am not convinced that the jury may not accept a lay witness’ opinion or conclusion, based upon his experience in other encounters, that the substance which he actually smoked was marijuana. The sole test applicable to such evidence would seem to be credibility.
In People v. Leonard (8 N Y 2d 60), Judge Fosteb wrote to sustain the conviction of a tavern owner for selling to minors merely upon the testimony of one of the minors that he ordered rye and ginger ale, was served what tasted like rye and ginger ale, and paid the going price for rye and ginger ale. The actual drink, of course, was never put in evidence, nor was there any expert testimony based on any analysis of the drink. The court held (p. 62) that the People made out a case, stating: “ There is no well-considered authority to sustain the determination of the court below to the effect that the crime charged may be proven only by direct evidence as to the nature of the beverage sold.”
In the case at bar, the Appellate Division distinguished Leonard simply on the ground that the case involved alcohol» *159 a substance with which the jury could be expected to be familiar; but this was not the basis of the Leonard decision. The jury was not asked to identify the substance simply from a naked description, but was told by the witness that an alcoholic beverage was ordered, paid for and drunk—precisely the sort of evidence in the case now before us. Thus, there is nothing in Leonard to support the suggestion in the majority opinion in the case at bar that the verdict rested on what the witness “ described ” as the properties of the drink. Clearly, he testified as to his conclusion. Indeed, the decision of the County Court in that case, as quoted (and rejected) by the Court of Appeals (8 N Y 2d 60, 61), considered as requisite to conviction an analysis or other competent evidence of the contents of the drink, and thus parallels the question posed by appellant in the case at bar — whether “ expert testimony or opinion evidence ” was essential to sustain the conviction.
What the Appellate Division has done here, it seems to me, is to hold that a narcotics conviction may rest only on admission of the substance into evidence, accompanied by a laboratory report, or at least on the testimony of an expert who at one point identified the substance even though it is no longer available. At the same time, on the basis of public education and information, and on the assumption that the indicia of drug use and traffic are recognizable, citizens are being urged to co-operate with the authorities in the identification and apprehension of sellers. It is unfortunate that forthright efforts such as these may be frustrated by the courts’ doctrinaire adherence to rules framed in another age and in quite different context* ; and that, in the future as in the past, law enforcement will depend largely on clandestine arrangements with drug-ridden informers and the dropsy testimony of police officers.
The Appellate Division’s conclusion, now approved by the Court of Appeals, that a person accustomed to smoking pot is not competent to testify that on a particular occasion he smoked pot, rather than tobacco or some other substance, flies in the face of reality and of common sense as well. Equally mystify *160 ing is the rejection by both courts of the only inference reasonably to be drawn from the testimony, accepted by the jury, that the witness paid $5 for the substance and, with the seller, repaired to a secluded spot to smoke it.
The severe sentence, with which the majority opinion seems to be concerned, would unquestionably have been given careful consideration by the Appellate Division had that court sustained the finding of guilt; but it does not, in any event, afford any basis for adopting or rejecting a rule of evidence.
Accordingly, I vote to reverse the order appealed from.
Chief Judge Fuld and Judges Burke and Breitel concur with Judge Bergan ; Judge Gibson dissents and votes to reverse in a separate opinion in which Judges Soiueppi and Jasen concur.
Order affirmed.

 Thus, the majority cites as applicable to the drug crisis in contemporary society, a rule formulated (in Dougherty v. Milliken, 163 N. Y. 527) in connection with a problem in metallurgy presented by an 1895 accident case.